UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

IN RE: Fee Motions in Various Social Security Cases Affected by the Sixth Circuit Decision in *Hicks v. Comm'r of Soc. Sec.*, No. 17-5206

| | |
|---|---|
| 5:16-cv-130 | Clinton Ryan Mullins v. Comm'r of Soc. Sec. |
| 5:16-cv-375 | Danny Lenn Reed v. Comm'r of Soc. Sec. |
| 6:16-cv-62 | Robert L. Muncy, II v. Comm'r of Soc. Sec. |
| 7:16-cv-73 | Carolyn Lynn Bates v. Comm'r of Soc. Sec. |
| 7:16-cv-77 | Brenda Stewart v. Comm'r of Soc. Sec. |
| 7:16-cv-90 | Janie Shepherd v. Comm'r of Soc. Sec. |
| 7:16-cv-140 | Kathy Ramey v. Comm'r of Soc. Sec. |
| 7:16-cv-149 | Lenny Newsome v. Comm'r of Soc. Sec. |
| 7:16-cv-163 | Kathleen Campbell Curtis v. Comm'r of Soc. Sec. |
| 7:16-cv-209 | Ricky Casebolt v. Comm'r of Soc. Sec. |
| 7:16-cv-212 | Mary Sexton v. Comm'r of Soc. Sec. |
| 7:16-cv-248 | Eddie Reed v. Comm'r of Soc. Sec. |
| 5:17-cv-262 | Chessie Gray v. Comm'r of Soc. Sec. |
| 7:17-cv-5 | Chad Shepherd v. Comm'r of Soc. Sec. |
| 7:17-cv-116 | Margaret C. Copley v. Comm'r of Soc. Sec. |
| 7:17-cv-130 | Joann Holbrook v. Comm'r of Soc. Sec. |
| 7:17-cv-158 | Ranie Jo Coleman v. Comm'r of Soc. Sec. |
| 7:18-cv-33 | Martin Lee Gillespie v. Comm'r of Soc. Sec. |
| 7:18-cv-47 | Betty Robinson v. Comm'r of Soc. Sec. |
| 7:18-cv-122 | Tracy Ann Hannah v. Comm'r of Soc. Sec. |

## MEMORANDUM OPINION AND ORDER

\*\*\*\*\*\*\*\*

This matter is before the Court on Motions for Attorneys' Fees pursuant to the Equal Access to Justice Act filed in the above-referenced cases. The Motions have been fully briefed, or the time for filing of replies has expired, *see* L.R. 7.1(c), and all are now ripe for the Court's review. For the reasons set forth herein, the pending Motions are **denied**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

All the Plaintiffs before the Court were victims of attorney Eric Conn's scheme to defraud the Social Security Administration ("SSA"). *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 792 (6th Cir. 2018). Each Plaintiff retained Conn to appeal the initial denial of their Social Security Disability Insurance ("SSDI") or Supplemental Security Income ("SSI") benefits. *Id.* Conn would include medical records from one of four examining doctors as part of the record, and in each case "ALJ David Daugherty rel[ying] exclusively on the doctors' medical opinions [would] conclude on the record . . . that plaintiffs were disabled and thereby entitled to either SSI or SSDI benefits." *Id.* In reality, Conn worked with the doctors to use template Residual Function Capacity forms, which conveyed that each Plaintiff was disabled. *Id.* at 793. Conn then bribed Daugherty to "issue[] favorable rulings to Conn's clients." *Id.*

Ultimately, in July 2014, the Office of the Inspector General at the SSA determined that there were 1,787 individuals—including Plaintiffs—who were represented by Conn and whose applications were potentially "tainted by fraud." *Id.* at 794. As required by the Social Security Act, in May 2015, the SSA began the process of redetermining each Plaintiff's eligibility for SSDI or SSI benefits. *Id.* The SSA explained that it was required to "disregard any evidence from one of the medical providers [ ] when the information was submitted by representative Eric C. Conn or other representatives associated with Mr. Conn's law office." *Id.* at 794–95. In each case, after ignoring that allegedly-fraudulent evidence submitted by Conn, the SSA determined that there was not enough evidence in

---

[1] In the interest of judicial efficiency, the Court will briefly re-summarize the factual and procedural background of these cases. A more detailed summary can be found in *Hicks v. Comm'r of Soc. Sec.* 909 F.3d 786, 791–96 (6th Cir. 2018).

the record to find the Plaintiffs disabled. *Id.* at 795. Thus, the cases were remanded for new hearings before an ALJ; at those hearings, Plaintiffs were permitted to submit additional evidence, which was considered if "it was 'new and material' and concerned plaintiffs' disabilities on or before the date of Daugherty's initial decision." *Id.* If requested, Plaintiffs could receive assistance developing the record. *Id.*

During the hearings, the ALJs ignored the medical reports from the doctors working with Conn,[2] but considered all the other medical evidence (both old and new) in the files. *Id.* In Plaintiffs' cases, the ALJs determined that each Plaintiff had not been entitled to benefits, and any benefits payed were to be treated as "overpayment." *Id.* Each Plaintiff exhausted administrative remedies and then sought relief in federal district court challenging the SSA's redetermination process as violating the Social Security Act, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act ("APA"). *Id.* District judges in this District issued conflicting decisions and the consolidated cases were appealed to the Sixth Circuit. *Id.* The Sixth Circuit found that the SSA's redetermination process violated both the Due Process Clause and the Administrative Procedure Act and remanded the cases for proceedings consistent with its opinion. *Id.* at 813. On July 12, 2019, the undersigned remanded the above cases to the SSA for redetermination consistent with *Hicks* and pursuant to sentence four of 42 U.S.C. § 405(g). Now before this Court are Plaintiffs' ripe Motions for Attorneys' Fees under the Equal Access to Justice Act ("EAJA").

---

[2] This includes the Residual Function Capacity forms as well as "evidence detailing their examinations of plaintiffs, including any testing that they had performed and behavioral observations they had made." *Id.*

3

## II. ANALYSIS

### A. Standard Under the EAJA

The EAJA provides that:

> [A] court should award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The purpose of the law is "to eliminate the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government." *Scarborough v. Principi*, 541 U.S. 401, 406 (2004) (quoting H.R. Rep. No. 96–1005, p. 9). Four requirements must be satisfied in order for a plaintiff to be awarded fees under the EAJA—(1) "the fee applicant [must] be a prevailing party," (2) "the government's position [was not] substantially justified," (3) "no special circumstances make an award unjust," and (4) the application for fees was filed "within thirty days of final judgment." *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)). "[T]he district court at the EAJA stage must take a fresh look at the case from an EAJA perspective, and reach a judgment on fees and expenses independent from the ultimate merits decision." *Phillips v. Astrue*, No. 2:08-cv-048, 2010 WL 625371, at *2 (E.D. Tenn. Feb. 17, 2010) (citing *Fed. Election Comm'r v.* Rose, 806 F.2d 1081, 1087–90 (D.C. Cir. 1986)).

There appears to be no dispute that the Plaintiffs were the prevailing party, *see, e.g.*, 7:16-cv-90 (Doc. # 32) (not disputing that Plaintiff was the prevailing party); *Howard*

*v. Saul*, No. 7:16-cv-51-DCR, 2019 WL 5191831, at *3 (E.D. Ky. Oct. 15, 2019) ("It is undisputed that the plaintiffs are prevailing parties within the meaning of the EAJA."), and the request seems to have been timely filed.³ Additionally, it does not appear that the Commissioner is arguing the presence of special circumstances that make an award of attorneys' fees unjust. *See, e.g.*, 7:16-cv-90 (Doc. # 32). The Plaintiffs' Motions fail, however, because the Government's position was substantially justified, *see infra*, so the requirements of the EAJA are not met.

B. **The Government's Position was Substantially Justified**

Under the EAJA, "[a] position is substantially justified when it is justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (internal quotation marks omitted) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A court must determine if the government's position, "as a whole," including "both the underlying agency action and the current litigation" is justified. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (quoting *E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013)). The government has the burden of making that showing "and it discharges that burden by demonstrating that the position had a 'reasonable basis both

---

³ Pursuant to the EAJA, parties have thirty days from the date of final judgment to file their fee motions. *Townsend*, 486 F.3d at 130. The Sixth Circuit has held, however, that prevailing parties actually have thirty days from the expiration of the appeal period to timely file. *Feldpausch v. Heckler*, 763 F.2d 229, 232 (6th Cir. 1985) ("[W]e therefore hold that [an] application for attorney fees within 30 days of the expiration of the time to appeal [is] timely."). When a government agency is a party to the action, either party has sixty days to appeal a final judgment. Fed. R. App. P. 4(a)(1)(B)(ii). In effect, the parties had ninety days from the final judgment to file their fee motion. *See Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581 (6th Cir. 2005). As the Judgments were filed on July 12, 2019, *see, e.g.*, 7:16-cv-90, the ninety-day deadline expired on October 10, 2019. All pending fee motions were filed on or before October 10, 2019 and therefore appear to be timely.

in law and fact.'" *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726–27 (6th Cir. 2014) (quoting *Pierce*, 487 U.S. at 565).

The position of the Commissioner "may be substantially justified even if a district court rejects it," *id.* (citing *Couch v. Sec. of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)), and even if a court found the Commissioner's position to not be supported by substantial evidence, *Howard*, 376 F.3d at 554 (citing *Pierce*, 487 U.S. at 569) ("The fact that we found the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified."). "Congress did not . . . want the substantially justified standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case." *Scarborough*, 541 U.S. at 415 (citations and internal quotations omitted).

Here, the position of the Government is substantially justified as evidenced by the multiple courts and judges inside and outside of this District that reached differing, reasonable conclusions about the legality of the Government's actions. "The Supreme Court has equated [the substantially-justified] standard with a reasonable basis both in law and fact." *Noble v. Barnhart*, 230 F. App'x 517, 519 (citing *Pierce*, 487 U.S. at 565). The Sixth Circuit has affirmed that position. *United States ex rel Wall v. Circle C Construction, LLC,* 868 F.3d 466, 470 (6th Cir. 2017) ("[O]ur court (along with numerous others) has held that 'the question of substantial justification is essentially one of reasonableness." (quoting *United States v. 0.376 Acres of* Land, 838 F.2d 819, 827 (6th Cir. 1988)). Thus, a position "will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Noble*, 230 F. App'x at 519.

6

In this case, it is clear that reasonable people differ as to the legality of the Government's approach to the redetermination process, and, subsequently, the position taken by the Government throughout this litigation. Not only was there a vigorous dissent by Judge Rogers of the Sixth Circuit in *Hicks* agreeing with the Government's litigation position, but also a number of district courts both inside and outside of the Eastern District of Kentucky have found the Government's redetermination approach to be appropriate and agreed with the Government's position that its actions were legal under the Due Process Clause and the APA. *See Howard*, 2019 WL 5191831, at *7 (collecting cases from Virginia, Florida and West Virginia upholding the redetermination process); *Perkins v. Colvin*, 224 F. Supp. 3d 575 (E.D. Ky. 2016) (upholding the redetermination process); *Carter v. Colvin*, 220 F. Supp. 3d 789 (E.D. Ky. 2016) (same). This is not a case where merely one unreasonable, outlier decision found that the Government's redetermination process was legal and the Government's position was justified. Rather, many seasoned, reasonable federal jurists agreed with the Government and found its redetermination process to be appropriate under the Due Process Clause and the APA. Clearly, the relevant precedent was not as clear-cut and well-established as Plaintiffs claim. *See* No. 7:16-cv-90 (Doc. # 30 at 5–6). The varying outcomes and opinions in district courts and the Sixth Circuit indicated that there is a true, "genuine dispute" over the legality of the Government's redetermination approach, that "reasonable people could differ as to the appropriateness" of the Government's approach, and therefore, the Government's position must be "deemed to be substantially justified." *Noble*, 230 F. App'x at 519 (citing *Pierce*, 487 U.S. at 565).

Additionally, "a string of losses or successes may be indicative of whether a position is substantially justified." *Howard*, 376 F.3d at 554 (citing *Pierce*, 487 U.S. at 569); *see also United States ex. Rel Wall*, 868 F.3d at 471 ("[A] string of successes in advocating a position might indicate the position is reasonable.") (internal quotations omitted). While, "the fact that one court agreed or disagreed with the Government does not establish whether its position was substantially justified," *Howard*, 376 F.3d at 554 (quoting *Pierce*, 487 U.S. at 569), the Sixth Circuit has found a position to be substantially justified when *multiple* courts or judges have agreed with the Government's position. *See Gray v. Comm'r of Soc. Sec.*, 23 F. App'x 436, 437 (6th Cir. 2001) (finding that the fact that the magistrate judge and district judge did not reverse the Commissioner's decision to deny benefits, even though the case was remanded due to a legal error, "supports the Commissioner's argument that his position was justifiable"); *see also Peck v. Comm'r of Soc. Sec.* 165 F. App'x 443, 446 (6th Cir. 2006) (noting that "the Appeals Council, a magistrate judge, and a district judge all agreed with the administrative law judge's assessment" before finding that the district court did not abuse its discretion by finding the government's position to be substantially justified). Thus, the Court also finds the Government's position to be substantially justified given the multiple courts and judges that have agreed with the Government's position.

Finally, and perhaps most importantly, the approach the Government took to redetermination, and the position it took during litigation, was substantially justified from a substantive, merits perspective, even if it was ultimately found to be incorrect by the Sixth Circuit. *See United States ex. Rel Wall*, 868 F.3d at 471 (indicating that what often matters in determining if there is substantial justification "is the actual merits of the

8

Government's litigating position") (internal quotations omitted). As explained by Chief Judge Reeves, "the Commissioner was substantially justified in believing that SSA's redetermination process passed muster under *Mathews* and therefore comported with due process" and "was substantially justified in its position with respect to the Administrative Procedure Act." *See Howard*, 2019 WL 5191831, at *5–7; *see also Hicks*, 909 F.3d at 813–27 (Rogers, J. dissenting).

With regard to the due-process issue, Chief Judge Reeves explained that the SSA excluded the potentially-fraudulent evidence based on SSA regulations, and it was *reasonable*, albeit ultimately incorrect, for the SSA to believe that excluding that evidence met the due-process requirements of *Mathews*. *Howard*, 2019 WL 5191831, at *6 ("Put simply, the SSA disregarded the evidence believed to be fraudulent as commanded in 42 U.S.C. §§ 405(u) and 1383(e)(7)."). Specifically, the three-part due-process analysis under *Mathews* is "a flexible concept," and, therefore, the conclusion that due process was not met by the redetermination procedure "was open to reasonable disagreement." *Id.* at *5. Both parties had strong interests at stake—the Plaintiffs in maintaining their benefits and the Government in preventing and dealing with fraud. *Id.* (discussing the first and third elements of the *Mathews* analysis). Additionally, the Government concluded that the risk of erroneous deprivation and the value of additional safeguards were both low because Plaintiffs were given an opportunity to supplement the records throughout the redetermination process and allowing Plaintiffs to challenge the excluded records would have had little benefit to them. *Id.* at *5–6 (discussing the second element of the *Mathews* element). Therefore, the Government's reasonable conclusion that the process comported with due process was substantially justified.

As to the claims under the APA, Chief Judge Reeves explained that the Government's position was also substantially justified, even though the Circuit found the position to be in violation of the APA. *Id.* at *6–7. Specifically, he noted that it was reasonable for the SSA to believe that the redetermination process was not subject to the formal adjudication requirements because those requirements apply to agency hearings, and the SSA regulations reasonably could be read to "not require" that hearings be conducted. *Id.* at *6. Plaintiffs raise the fact that the Sixth Circuit found one aspect of the redetermination process to be arbitrary and capricious and suggest that this finding makes the entirety of the Government's position unjustified on the merits. *See, e.g.*, 7:16-cv-90 (Docs. # 30 at 4 and 33 at 7–8). This is not the case, however.

As an initial matter, Plaintiffs appear to overstate the Sixth Circuit's ruling. The Sixth Circuit did not say that the entire remand process was "so irrational as to be 'arbitrary and capricious,'" *see, e.g.*, 7:16-cv-90 (Doc. # 30 at 4) (quoting *Hicks*, 909 F.3d at 808–09), as Plaintiffs seem to suggest. The Circuit's holding was more limited; it held that the SSA's treatment of "OIG-based determinations of fraud differently than SSA-based determinations of fraud" is arbitrary and capricious. *Hicks*, 909 F.3d at 808–09; *see also Howard*, 2019 WL 5191831, at *7. This holding was the second of the two issues under the APA that the Sixth Circuit considered, *Hicks* at 804–09, and, noted by Chief Judge Reeves, was one not originally raised by the Plaintiffs, *Howard*, 2019 WL 5191831, at *7.

"[A]n EAJA application fails if the multiple claims involved are 'distinct' and if the more 'prominent' claims were substantially justified." *Amezola-Garcia*, 835 F.3d at 555 (quoting *EEOC*, 526 F. App'x at 615). Here, the multiple claims against the SSA—

including the due-process claim and claims under the APA—are distinct. The Court finds that, even if arguendo the Government's position on the APA issue that was found to be arbitrary and capricious is not substantially justified, the other more prominent claims under the Due Process Clause[4] and APA, including those originally raised by Plaintiffs in this litigation, were substantially justified.[5] *See supra*. Thus, the "EAJA application fails." *Amezola-Garcia*, 835 F.3d at 555.

## III. CONCLUSION

Accordingly, because the Government's position was substantially justified, the Fee Motions in the above-referenced cases pursuant to the EAJA are **DENIED**.

This 18th day of November, 2019.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\Omnibus Order re Fee Motions .docx

---

[4] The prominence of this claim was highlighted by Judge Thapar in his district-court opinion in *Hicks*. *Hicks v. Colvin*, 214 F. Supp. 3d 627, 633 (E.D. Ky. 2016). In that case he only considered the due-process issue because "above all else, agencies must follow the Constitution." *Id.*

[5] Similarly, even if arguendo the remand position of the Government was not substantially justified as the Plaintiffs suggested, *see, e.g.*, 7:16-cv-90 (Doc. # 30 at 8–9), this would not support granting the EAJA application, as the "more 'prominent' claims" and aspects of the litigation "were substantially justified." *Amezola-Garcia*, 835 F.3d at 555 (quoting *EEOC*, 526 F. App'x at 615).